C. J. Veverka (Bar No. 07110)
  *cveverka@mabr.com*
Michael J. Howell (Bar No. 11672)
  *mhowell@mabr.com*
Alexis K. Juergens (Bar No. 16861)
  *ajuergens@mabr.com*
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT PLLC
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone:   (435) 252-1360
Facsimile:   (435) 252-1361

Attorneys for Plaintiff INTERMOUNTAIN HEALTH CARE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **INTERMOUNTAIN HEALTH CARE, INC.**, d/b/a **INTERMOUNTAIN HEALTHCARE,** a Utah corporation, | Civil Case No. 2:19-cv-00456-RJS |
| Plaintiff, | **COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| **BRETT LUDDINGTON INC.** d/b/a **INTERMOUNTAIN HEALTH AND WELLNESS,** a Utah corporation. | District Judge Robert J. Shelby |
| Defendant. | |

Plaintiff Intermountain Health Care, Inc. ("Intermountain Healthcare" or "Plaintiff") hereby claims against Defendant Brett Luddington, Inc. ("Defendant") for the causes of action alleged as follows:

## THE PARTIES

1.      Plaintiff is a Utah nonprofit corporation with its headquarters and principal place of business located at 36 South State Street, 22nd Floor, Salt Lake City, Utah 84111. Plaintiff does business under the name "Intermountain Healthcare."

2.      On information and belief, Defendant is a Utah corporation with its principle place of business at 7340 South Creek Road, Suite 104, Sandy, Utah 84093.

3.      On information and belief, Defendant also operates under the name "Intermountain Health and Wellness," out of the same address at 7340 South Creek Road, Suite 104, Sandy, Utah 84093.

## JURISDICTION AND VENUE

4.      This is a civil action arising under the laws of the United States, including, but not limited to 15 U.S.C. §§ 1114 and 1125.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Defendant because: (1) Defendant is incorporated in Utah; (2) Defendant's principal place of business is located in Utah; (3) Defendant regularly does and solicits business within this judicial district; and (4) Defendant has committed acts of trademark infringement and false advertising within this judicial district.

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides within this judicial district, and Defendant has committed acts of trademark infringement and false advertising within this district.

## FACTUAL BACKGROUND

I.    **Intermountain Healthcare's Services and Well-Known Trademarks**

8.    Intermountain Healthcare is a Utah-based, nonprofit corporation that has done business under the name "Intermountain Healthcare" since 1975.

9.    Intermountain Healthcare's subsidiary operating company, IHC Health Services, Inc., operates a system of 23 hospitals and a medical group of approximately 2,400 physicians and advanced practice clinicians at approximately 160 clinics under the name "Intermountain Healthcare" under a license from Plaintiff.  Plaintiff and IHC Health Services, Inc. are collectively referred to in this Complaint as "Intermountain."

10.    Intermountain is a nationally recognized leader in the healthcare field, offering excellent and affordable healthcare to its patients.

11.    Intermountain has been identified as one of the top five most innovative healthcare providers in the United States.

12.    For decades, Intermountain has operated hospitals, clinics, and urgent care facilities in Utah and Idaho under the name "Intermountain Healthcare." Intermountain also offers online telehealth services directly to its patients under the name "Intermountain Connect Care."

13.     By virtue of its continuous use of its trademarks, Intermountain Healthcare has established common law rights and obtained numerous trademark registrations for its services in the United States.

14.     Intermountain Healthcare is the owner of all right, title and interest to, *inter alia*, the following trademarks, including common law rights associated therewith (collectively, the "Marks"):

> A.     U.S. Registration No. 2,733,735 ("'735 Mark"), issued on July 8, 2003 and first used in commerce as early as 1975, for the mark INTERMOUNTAIN HEALTHCARE for use in connection with hospital, medical, and health care services in International Class 42, including all common law rights associated therewith. A true and correct copy of this registration is attached hereto as Exhibit 1.

> B.     U.S. Registration No. 3,309,180 ("'180 Mark"), issued on October 9, 2007 and first used as early as November 30, 2005, and first used in commerce as early as February 1, 2006, for the mark INTERMOUNTAIN HEALTHCARE, for use in connection with hospital, medical, and health care services in International Class 44, including all common law rights associated therewith. A true and correct copy of this registration is attached hereto as Exhibit 2.

> C.     U.S. Registration No. 3,309,183 ("'183 Mark"), issued on October 9, 2007 and first used as early as November 30, 2005, and first used in commerce as early as December 15, 2005 for the mark

3

INTERMOUNTAIN HEALTHCARE, for use in connection with hospital, medical and health care services in International Class 44, including all common law rights associated therewith.  A true and correct copy of this registration is attached hereto as Exhibit 3. (The foregoing marks collectively referred to as the "Marks").

15.     Intermountain also maintains numerous other United States trademark registrations including the word "Intermountain" for healthcare-related services.

16.     Intermountain has extensively and continuously used, promoted, marketed and otherwise publicized each of the Marks, including prior to and since the date of applicable registration, and they are in full force and effect. Intermountain has given notice to the public of the registration of the above registered Marks pursuant to 15 U.S.C. § 1111.

17.     All of the Marks have been declared incontestable under 15 U.S.C. § 1065.

18.     Given Intermountain's extensive and continuous use of the Marks, including in advertising, the Marks have acquired secondary meaning to consumers, causing consumers to recognize them as distinctly designating Intermountain Healthcare's services as originating with Plaintiff.

19.     In addition, both the '180 and '183 Marks contain a distinctiveness limitation statement as to "INTERMOUNTAIN," providing further evidence of the Marks' strength.

20.     Given Intermountain's extensive and continuous use of the Marks, the Marks have developed significant and valuable goodwill.

II.     **Defendant's Business and Trademark Infringement**

21.     On information and belief, Defendant does business under the name of "Intermountain Health and Wellness," which Defendant registered with the State of Utah as a DBA on October 16, 2013.

22.     Defendant's Utah corporate registration expired as of November 28, 2016 for failing to file a renewal.[1]

23.     On November 10, 2015, Defendant cancelled its Business Name Registration for "Intermountain Health and Wellness."[2] But, on information and belief, Defendant and/or the individual Dr. Brett S. Luddington[3] continues to operate its business under the name of "Intermountain Health and Wellness."

24.     Defendant is unlawfully profiting off of Intermountain Healthcare's success and goodwill associated with the Marks by using the confusingly similar name of "Intermountain Health and Wellness."

25.     Defendant is also utilizing this infringing name in connection with medical and health services—services similar to those offered by Intermountain Healthcare.

26.     Defendant's adoption of the name "Intermountain Health and Wellness" was well after Intermountain Healthcare's adoption and first use of the Marks.

---

[1] Exhibit 4.
[2] Exhibit 5.

**III.   Defendant's Unlawful Cybersquatting via www.intermountainhealthandwellness.com**

27.    Not only is Defendant infringing on Intermountain Healthcare's Marks through its use of "Intermountain Health and Wellness," but Defendant also infringes the Marks through the use of its domain name—www.intermountainhealthandwellness.com.

28.    On information and belief, Defendant created www.intermountainhealthandwellness.com on August 26, 2013,[4] and as of that date, Intermountain Healthcare had been using its Marks for as long as 38 years.

29.    By August 26, 2013, Intermountain Healthcare's Marks were distinctive and had been distinctive for many years.

30.    www.intermountainhealthandwellness.com is confusingly similar with Intermountain Healthcare's Marks and domain name of https://intermountainhealthcare.org/.

31.    On information and belief, Defendant had the bad faith intent to profit from the improper use of the Marks because, among other things, Defendant had no trademark or any intellectual property rights in the domain name, Defendant never used the name before the registration of the Marks, and the Marks which Defendant incorporated into its domain name were distinctive at the time of the website's creation.

**IV.   Defendant's False Advertising**

32.    Defendant's unlawful use of the Marks also constitutes false advertising by misleading consumers to believe that there is an affiliation between Intermountain Healthcare and Defendant.

---

[3] Note that Dr. Luddington is listed as the service agent for Defendant.
[4] Exhibit 6.

33.     In addition to using the similarly confusing name of "Intermountain Health and Wellness," Defendant has also purposefully picked an almost identical color scheme to Intermountain Healthcare's:

     

34.     Defendant's use of an almost identical color pallet paired with its infringing use of "Intermountain Health and Wellness" is misleading to consumers and likely to cause mistake as to an affiliation between Intermountain Healthcare and Intermountain Health and Wellness.

35.     Defendant's improper use of "Intermountain Health and Wellness" is likely to, and already has, caused injury to Intermountain Healthcare's commercial interest and reputation.

36.     Moreover, Intermountain Healthcare and Defendant both operate medical and healthcare facilities and are direct competitors in the marketplace, further contributing to the improper conclusion that Intermountain Healthcare and Defendant are affiliated.

37.     As a direct result of Defendant's conduct, Intermountain Healthcare has suffered damages.

**V.     Defendant's Breach of Contract**

38.     On April 7, 2017, Intermountain Healthcare offered, in writing, to resolve Defendant's trademark infringement without litigation if:

i.     Defendant ceased and desisted from its use of the word Intermountain or any other designation that is likely to cause confusion with Intermountain Healthcare's Marks;

ii.     Remove the word Intermountain from all websites and other online presences;

iii.    Destroy any materials that bear the infringing name;

iv.     Abandon all pending applications to register and voluntarily cancel all existing
        USPTO or state registrations of any mark that includes the word Intermountain;

v.      Cancel all domain name registrations held by Defendant that include the word
        Intermountain;

vi.     Make full disclosure to Intermountain Healthcare of any name and marks that include
        the word Intermountain, and cooperate with Intermountain Healthcare in any
        reasonable action to mitigate confusion, mistake and damage caused by the infringing
        uses; and

vii.    Provide Intermountain Healthcare written confirmation that Defendant had complied
        with all demands.[5]

39.     Subsequently, Intermountain Healthcare received written confirmation from
Defendant's previous counsel on January 30, 2018 that Dr. Brett Luddington, on behalf of
Intermountain Health and Wellness, had agreed to change its name and was "in the process of
selecting a new name and related data by next week."[6]

40.     In addition to this written confirmation from Defendant's prior counsel, on
February 8, 2018, Dr. Brett Luddington and Mr. Dan Schmidt, acting on behalf of Defendant,
orally agreed to change Defendant's name from "Intermountain Health and Wellness" to a name
that no longer infringes upon Intermountain Healthcare's Marks.

---

[5] Exhibit 7 (Note that the year on the cover page of Exhibit 7 contained a typographical error in
the date, listing "2016" rather than correct year of "2017").
[6] Exhibit 8.

Case 2:19-cv-00456-RJS   Document 2   Filed 06/28/19   Page 10 of 21

41.     Intermountain Healthcare followed up on this agreement on March 7, 2018,[7] seeking written assurances that Defendant was in fact changing its infringing name. Plaintiff received no response.

42.     Intermountain Healthcare, again, sent correspondence to Defendant on May 14, 2019,[8] putting Defendant on notice of its breach and continued infringement. Plaintiff received no response.

43.     Defendant has not responded to Intermountain Healthcare since February 8, 2018, when it agreed to change its name, but to date, Defendant has not changed its infringing name and has not discontinued its use of the Marks.

44.     Defendant's breach of contract has led to Defendant's continued infringement and further damage to Intermountain Healthcare's goodwill in the Marks.

## VI.     Defendant's Breach of its Promise—Promissory Estoppel

45.     In the event the Court finds that no contract was formed, Intermountain Healthcare prudently and reasonably relied upon the promise made between the parties. Based on this promise, Intermountain Healthcare did not bring suit against Defendant.

46.     Previous counsel for Defendant assured, in writing, to Intermountain Healthcare that Defendant was in the process of selecting a new, non-infringing name. Further, Dr. Brett S. Luddington and Mr. Dan Schmidt, acting on behalf of Defendant, orally agreed to change Defendant's infringing name. Intermountain Healthcare had far more than a subjective understanding of the promisor's statements.

---

[7] Exhibit 9.
[8] Exhibit 10.

47. Defendant knew that Intermountain Healthcare had relied on the promise through Intermountain Healthcare's forebearance of bringing a lawsuit.

48. Defendant was aware of its infringement of Intermountain Healthcare's Marks. Defendant was also aware that if it did not cease use of Intermountain Healthcare's Marks, Plaintiff would bring legal action.

49. Based on Intermountain Healthcare's reliance on Defendant's promise, Intermountain Healthcare did not institute legal action, honoring its promise made to Defendant.

50. But Defendant's failure to honor its promise resulted in Defendant's continued trademark infringement of the Marks, false advertising, and unfair competition.

## FIRST CLAIM FOR RELIEF

*(Trademark Infringement – 15 U.S.C. § 1114)*

51. By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

52. "Intermountain Health and Wellness" is confusingly similar to the "INTERMOUNTAIN HEALTH CARE" marks owned by Plaintiff. Defendant's continued use of "Intermountain Health and Wellness" is likely to cause confusion, mistake, or to deceive the public as to the identity and origin of Defendant's services.

53. Upon information and belief, Defendant has adopted and is using the Marks in an effort to trade on Intermountain Healthcare's reputation and goodwill established in the Marks.

54. Defendant has had actual knowledge of Intermountain Healthcare's rights in the Marks, and willfully and deliberately infringed, and continues to infringe, on such rights.

10

55.     Intermountain Healthcare has no adequate remedy at law because the Marks are unique and represent to the public Intermountain Healthcare's reputation and goodwill such that damages alone cannot fully compensate Intermountain Healthcare for Defendant's misconduct.

56.     Unless enjoined by this Court, Defendant will continue its infringing actions resulting in confusion to the consuming public and damage to Intermountain Healthcare and its extensive business and goodwill symbolized by the Marks.

57.     Pursuant to 15 U.S.C. § 1116, Intermountain Healthcare is entitled to an order of this Court enjoining Defendant, its officers, agents, and employees from using the Marks or other designations confusingly similar to the Marks.

58.     Defendant's actions have been and continue to be fraudulent, willful, and deliberate, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

59.     By reason of the foregoing, in addition to injunctive relief, Intermountain Healthcare is entitled to an award of compensatory damages and treble damages, Defendant's profits, and Intermountain Healthcare's costs and attorneys' fees.

### SECOND CLAIM FOR RELIEF

*(Trademark Infringement – Common Law)*

60.     By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

61.     Intermountain Healthcare has been using the Marks in states located in the Rocky Mountain Region, including within the State of Utah, to identify and signify itself as the source of its services.

62.     Through extensive and continuous use of the Marks, Intermountain Healthcare has developed substantial goodwill in the Marks. The Marks have become well known, including within the State of Utah, and have earned substantial goodwill among Utahns and individuals located around the United States.

63.     Defendant's use of the Marks constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of its services such that consumers may believe that Defendant's services are sponsored by, endorsed by, approved by, licensed by, authorized by, affiliated with, or connected with Intermountain Healthcare.

64.     By virtue of the foregoing, Defendant has infringed and continues to infringe upon the Marks.

65.     Upon information and belief, Defendant has adopted and is using the Marks in an effort to trade on Intermountain Healthcare's reputation and goodwill established in the Marks.

66.     Defendant's acts are causing and continue to cause Intermountain Healthcare irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. The irreparable harm to Intermountain Healthcare will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

67.     By reason of the foregoing, in addition to injunctive relief, Intermountain Healthcare is entitled to an award of compensatory damages and treble damages, Defendant's profits, and Intermountain Healthcare's costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

*(Cybersquatting – 15 U.S.C. § 1125(d))*

68.     By this reference, Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

69.     On information and belief, Defendant registered, is the owner, and current user of www.intermountainhealthandwellness.com.

70.     www.intermountainhealthandwellness.com is confusingly similar to the Marks owned by Intermountain Healthcare.

71.     www.intermountainhealthandwellness.com is likely to cause confusion, mistake, or to deceive the public as to the identity or origin of Defendant's services.

72.     On information and belief, Defendant has adopted the domain name www.intermountainhealthandwellness.com with the bad faith intent to profit from Intermountain Healthcare's goodwill in the Marks.

73.     Defendant, even after being notified of Plaintiff's rights in the Marks, continues to utilize www.intermountainhealthandwellness.com with the willful intent to trade on Intermountain Healthcare's reputation and goodwill established in the Marks.

74.     Defendant has had actual knowledge of Intermountain Healthcare's rights in the Marks, and willfully and deliberately infringed, and continues to infringe on such rights.

75.     Unless www.intermountainhealthandwellness.com is forfeited or cancelled by this Court, Defendant will continue its infringing actions resulting in damage to Intermountain Healthcare and its extensive business and goodwill symbolized in the Marks.

## FOURTH CLAIM FOR RELIEF

*(Cybersquatting – Utah Code 70-3a-309)*

76.     By this reference, Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

77.     On information and belief, Defendant registered, and is the owner and current user of, www.intermountainhealthandwellness.com.

78.     www.intermountainhealthandwellness.com is confusingly similar to the Marks owned by Intermountain Healthcare.

79.     www.intermountainhealthandwellness.com is likely to cause confusion, mistake, or to deceive the public as to the identity or origin of Defendant's services.

80.     On information and belief, Defendant has adopted the domain name www.intermountainhealthandwellness.com with the bad faith intent to profit from Intermountain Healthcare's goodwill in the Marks.

81.     Defendant, even after being notified of Plaintiff's rights in the Marks, continues to utilize www.intermountainhealthandwellness.com, with the willful intent to trade on Intermountain Healthcare's reputation and goodwill established in the Marks.

82.     Defendant has had actual knowledge of Intermountain Healthcare's rights in the Marks, and willfully and deliberately infringed, and continues to infringe on such rights.

83.     Unless www.intermountainhealthandwellness.com is forfeited or cancelled by this Court, Defendant will continue its infringing actions resulting in damage to Intermountain Healthcare and its extensive business and goodwill symbolized in the Marks.

**FIFTH CLAIM FOR RELIEF**

*(False Advertising – 15 U.S.C. § 1125)*

84.     By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

85.     Defendant's use of its confusingly similar name and color scheme are misleading representations of fact that are likely to deceive the public as to Defendant's affiliation, connection, or association to Intermountain Healthcare and as such constitutes false advertising under 15 U.S.C. § 1125(a).

86.     Defendant's misleading representation of facts have been made willfully and Defendant will continue its false advertising unless enjoined by this Court.

87.     Intermountain Healthcare has been and will continue to be damaged by Defendant's false advertising unless enjoined by this Court.

**SIXTH CLAIM FOR RELIEF**

*(Breach of Contract)*

88.     By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

89.     Intermountain Healthcare offered, in writing, to amicably resolve the dispute. In this offer, Intermountain Healthcare offered to not bring a lawsuit if Defendant changed its confusingly similar name to a non-infringing name.

90.     Defendant accepted this offer in writing, through its previous counsel, indicating that it was in the process of selecting a new name.

91.     Subsequently, Dr. Brett S. Luddington and Mr. Dan Schmidt, acting on behalf of Defendant, orally confirmed that Defendant had accepted Intermountain Healthcare's offer and would be changing its name.

92.     As consideration, Intermountain Healthcare did not bring suit against Defendant for the aforementioned claims.

93.     Defendant never changed its confusingly similar name and continues to operate under the name "Intermountain Health and Wellness," breaching the parties' agreement, which breach has caused and continues to cause Intermountain Healthcare damages.

94.     Intermountain Healthcare has been and will continue to be damaged by Defendant's actions unless enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF

*(Promissory Estoppel)*

95.     By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

96.     In the event that the Court finds that no contract exists between the parties, Defendant promised to change its name, was aware of all material facts regarding Intermountain Healthcare's Marks when promising to change its name, and knew that Intermountain Healthcare would act in reliance on Defendant's promise by not bringing suit against Defendant.

97.     Defendant was aware of its infringement of Intermountain Healthcare's Marks. Defendant was also aware that if it did not cease use of Intermountain Healthcare's Marks, Plaintiff would bring legal action.

98.     Intermountain Healthcare acted with prudence and in reasonable reliance on Defendant's promise to change its confusingly similar name and refrained from bringing suit against Defendant as a result of Defendant's promise.

99.     Based on Intermountain Healthcare's reliance on Defendant's promise, Intermountain Healthcare did not institute legal action, resulting in Defendant's continued infringement of Intermountain Healthcare's Marks, false advertising, and unfair competition, which has caused Intermountain Healthcare to suffer damages, and Intermountain Healthcare continues to suffer damages.

100.     Intermountain Healthcare has been and will continue to be damaged by Defendant's actions unless enjoined by this Court.

### NINTH CLAIM FOR RELIEF

*(Unfair Competition – Utah Code 13-5a-101 et seq.)*

101.     By this reference Intermountain Healthcare realleges and incorporates the foregoing paragraphs as though fully set forth herein.

102.     Defendant's infringement of Intermountain Healthcare's Marks is an intentional business act—Defendant is aware of Intermountain Healthcare's rights in its federally protected Marks, but continues its infringement.

103.     Defendant's infringement of Intermountain Healthcare's Marks is unlawful and leads to a material diminution in Intermountain Healthcare's value of its Marks.

104.     Pursuant to Utah Code § 13-5a-103, Intermountain Healthcare is entitled to its actual damages, costs, and attorneys' fees.

105.    Further, Defendant has had actual knowledge of Intermountain Healthcare's rights in the Marks, and willfully and deliberately infringed, and continues to infringe, on such rights. As such, Defendant is entitled to punitive damages pursuant to Utah Code § 13-5a-103.

**PRAYER FOR RELIEF**

WHEREFORE, Intermountain Healthcare prays for judgment against Defendant as follows:

A.      Permanently enjoining and restraining Defendant, its officers, directors, shareholders, agents, employees, and all persons or entities in active concert or participation with them, pursuant to 15 U.S.C. § 1116, from the following (the "Trademark Injunction"):

    i.      Using in any manner the Marks or any other designation that is confusingly similar to or a colorable imitation of the Marks;

    ii.     Using in any manner any trademark, service mark, words, abbreviations, designs, arrangements, or other combinations thereof that would imitate, resemble, or suggest the Marks;

    iii.    Any false or misleading description of fact, or false or misleading representation of fact, or other fact of unfair competition, which is likely to cause confusion, or to cause mistake, or to deceive as to the existence or nature of an affiliation, connection or association between Defendant and Intermountain Healthcare as to the origin, sponsorship, endorsement, authorization or approval by Intermountain Healthcare of Defendant's services or commercial activities; and

    iv.     Otherwise infringing the Marks.

B.      Ordering Defendant, pursuant to 15 U.S.C. § 1116, to file with the Court and serve on Intermountain Healthcare within thirty (30) days after entry of the Trademark Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Trademark Injunction;

C.      Ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles and advertisements, in the possession, custody or under the control of Defendant, bearing "Intermountain Health and Wellness," the Marks, or any other designation that is confusingly similar to or a colorable imitation of the Marks;

D.      Awarding to Intermountain Healthcare compensatory damages in an amount to be determined, together with any and all other remedies to which Intermountain Healthcare may be entitled under the Lanham Act or the common law;

E.      Declaring this to be an exceptional case and awarding to Intermountain Healthcare treble damages and its reasonable attorneys' fees incurred and to be incurred by Intermountain Healthcare in connection with this action;

F.      For a permanent injunction, under 15 U.S.C. § 1116, restraining and enjoining Defendant, its agents, servants, employees, officers, and those persons acting in concert or participating with Defendant, from any false advertising with respect to its use of the name "Intermountain Health and Wellness."

G.      For an award of costs, profits, and damages, which damages and profits are then trebled, under 15 U.S.C. § 1117, for Defendant's false advertising with respect to its use of the name "Intermountain Health and Wellness", or, in the alternative, statutory damages;

19

H.    Pursuant to § 13-5a-103, for an award of Intermountain Healthcare's actual damages, costs, and attorneys' fees, along with an award of punitive damages; and

I.    An award of any other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY

Intermountain Healthcare demands TRIAL BY JURY of all causes and issues so triable.

DATED:  June 28, 2019

C.J. Veverka
Michael J. Howell
Alexis K. Juergens
MASCHOFF BRENNAN LAYCOCK
     GILMORE ISRAELSEN & WRIGHT PLLC

By:  */s/ Michael J. Howell*
         Michael J. Howell
Attorneys for Plaintiff
INTERMOUNTAIN HEALTH CARE, INC.